UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ATIBA RAMONE TAYLOR, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:14-CV-145-BL |
| v. | § § | |
| BRAD LIVINGSTON, et al., | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Atiba Ramone Taylor filed his original complaint on March 7, 2014, pursuant to 42 U.S.C. § 1983, alleging excessive use of force and denial of free exercise of religion. (Doc. 1). Plaintiff is proceeding *pro se* and *in forma pauperis*. (Doc. 9). The case was then transferred to the United States Magistrate Judge on October 30, 2014, to conduct a hearing under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). (Doc. 10). While scheduling the hearing, it was brought to the Court's attention that Plaintiff is no longer being housed at Texas Department of Criminal Justice's Robertson Unit. Plaintiff has not updated his address with the Court; nor has he left a forwarding address with the Robertson Unit. Plaintiff was notified at the outset that failure to notify the Court of any address change could result in dismissal of his case. (Doc. 3).

Because Plaintiff cannot be reached and thus, cannot be notified of any court settings, and because Plaintiff failed to apprise the Court of the address change, it is the **RECOMMENDATION** of this Court that the case be **DISMISSED.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 13th day of March, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**